IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN LE AND KAREN LEE | § | CIVIL ACTION NO. |
| | § | |
| V. | § | JURY DEMANDED |
| | § | |
| ALLSTATE INDEMNITY COMPANY | § | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. § 1441 and 1446, Allstate Indemnity Company, Defendant herein and removes to this Court the state court action pending in the 405th Judicial District Court of Galveston County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

1. On August 27, 2017, Plaintiffs filed suit in Galveston County against the Defendant. The suit was assigned to the 405th Judicial District Court of Galveston County, Texas, styled Cause No. 17-CV-1070; *John Le and Karen Le v. Allstate Indemnity Company.* Defendant was served/received notice of this suit on September 5, 2017. As required by 28 U.S.C. § 1446(b), this notice of removal is timely filed by the Defendant within thirty (30) days following receipt by Defendant of the initial pleadings.

2. Removal of this action is proper, because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by Defendants pursuant to 28 U.S.C. § 1441(b); specifically, this is a civil action wherein the

matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the Defendant is diverse in citizenship from Plaintiff.

3. There is complete diversity among the parties as required by 28 U.S.C. § 1332(a). Plaintiffs are citizens of Texas. Defendant is not a citizen of the State of Texas. Defendant, Allstate Indemnity Company is foreign organization incorporated pursuant to the laws of the State of Illinois and does not have its principal place of business in the State of Texas. The Defendant consents to removal of this case to Federal Court.

4. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a). Plaintiffs' Original Petition recites that they are seeking actual damages, statutory damages, and attorney's fees for breach of contract, violations of the Deceptive Trade Practices Act, Chapter 541 and 542 of the Texas Insurance Code, Texas Business and Commerce Code, breach of duty of good faith and fair dealing relating to the Defendant's alleged failure to properly adjust the claim for Plaintiffs' alleged property damage which purportedly resulted in physical damages to Plaintiffs' home. Further, Plaintiffs' Petition states Plaintiffs are seeking over $200,000.00 but not more than $1,00,000.00 for their damages. Thus, Plaintiffs' Petition shows on its face, that Plaintiffs' claims are in excess of $75,000.00. *See* Plaintiffs' Petition incorporated herein under Exhibit "A".

5. The Clerk's full record in this case, along with the index, is attached as Exhibit "A". A list of all Counsel of Record is attached as Exhibit "B". The Civil Cover Sheet is attached as Exhibit "C".

6. Venue is proper in this district because the district and division embrace the place where the removal action has been pending.

7. Defendant will promptly provide written notice of the filing of this Notice

of Removal to all parties and to the clerk of the 405th Judicial District Court of Galveston County, Texas.

      8.    Defendant respectfully requests that the state court action be removed and placed on this Court's docket for further proceedings. Defendant further requests any additional relief to which it may be justly entitled.

DATE: October 5, 2017.

Respectfully submitted,

*/s/ John M. Causey*
_____

John M. Causey
State Bar No. 04019100
HOPE & CAUSEY, P. C.
P. O. Box 3188
Conroe, Texas  77305-3188
(936) 441-4673 - Telephone
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on October 5, 2017, via e-filing addressed to:

Shaun W. Hodge
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

*/s/ John M. Causey*

John M. Causey