# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Case Search  Back

Location : Galveston County
Questions and Answers on Images

## CASE NO. 17-CV-1070
## JOHN LE ET AL VS. ALLSTATE INDEMNITY COMPANY

| Selected Event | Image | Page Count |
| --- | --- | --- |
| 09/01/2017 Citation by Certified Mail Issuance - Work Product | Citation by Certified Mail Issuance - Work Product | 3 |

| Other Events on This Case | Image | Page Count |
| --- | --- | --- |
| 08/28/2017 Original Petition - OCA | Original Petition | 13 |
| 08/28/2017 OCA Case Information Sheet | Civil Case Information Sheet | 1 |
| 08/28/2017 Request for Civil Service | Civil Process Request | 2 |
| 09/01/2017 Status Conference Sheet | Status Conference Sheet | 2 |
| 09/01/2017 Receipt Acknowledge | Receipt Acknowledge | 1 |
| 09/07/2017 Citation by Certified Mail and Return | Citation by Certified Mail and Return | 2 |
| 09/19/2017 Original Answer | Organs.JD.pdf | 5 |

| Other Images on This Case | Image | Page Count |
| --- | --- | --- |

Filed: 8/27/2017 3:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 19101549
By: Valerie Millican
9/1/2017 1:56 PM

CAUSE NO. 17-CV-1070

| | | |
|---|---|---|
| **JOHN LE AND KAREN LE,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs** | § | |
| | § | Galveston County - 405th District Court |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE INDEMNITY COMPANY,** | § | |
| **Defendant** | § | **GALVESTON COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN LE and KAREN LE (hereinafter collectively referred to as "John and Karen Lee" or "Plaintiffs"), and file this _Plaintiffs' Original Petition_, complaining of ALLSTAE INDEMNITY COMPANY ("Allstate" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff John Le is an individual residing in Texas.

3.    Plaintiff Karen Le is an individual residing in Texas.

4.    Defendant Allstate Indemnity Company is a **foreign** insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Upon information and belief, the principle office for Allstate Indemnity Company is located at 3075 Sanders Road, Suite 1Ha, Northbrook, IL 60062-7127. The Defendant

Status Conference set for 11-30-17, e-mailed atty by vym

may be served with process by serving its registered agent, **Corporation Service Company, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

### JURISDICTION AND VENUE

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiffs reserve the right to amend the petition during or after the discovery process.

6.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

7.    Venue is proper in Dallas County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

### FACTS

8.    Plaintiffs are the owner of Texas insurance policy **000838046429** (hereinafter the "Policy"), which was issued by Defendant.

9.    Plaintiffs own the insured property, which are specifically located at **8416 Seawall #6, Galveston, Texas 77554** (hereinafter the "Property").

10.   Defendant sold the Policy to Plaintiffs insuring the Property.

11.   On or about **July 7, 2016**, water caused severe structural and interior damage to the insured Property.

12. Plaintiffs submitted a claim to Defendant against the Policy for damages which the Property sustained as a result of the hail and windstorm. Upon information and belief, Defendant assigned number **0421161992** for the claim.

13. Plaintiffs asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

14. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Property, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

15. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16. To date, Defendant continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to the Property.

17. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

18.     Defendant misrepresented to Plaintiffs that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20.     Defendant failed to explain to the Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29. Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

30. The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

31. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

32. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

33.     The Defendant's breach proximately caused Plaintiffs' injuries and damages.

34.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of

rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

43.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

44.     Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

46.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

48.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

49.     Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

50.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

51.     Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

52.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

    a)     Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    b)     Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)   Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)   Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)   Violated the provisions of the Texas Insurance Code described herein.

53.   The Defendant took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs' detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiffs suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## DAMAGES

54.   Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

55.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

56.     The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

57.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

58.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times actual damages. TEX. INS. CODE §541.152.

59.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.   TEX. INS. CODE §542.060.

60.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

61.    For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

62.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.    Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63.    Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

64.    Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' Original Petition*.

## REQUEST FOR DISCLOSURE

65.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully Submitted,


By: _____

    Shaun W. Hodge
    Texas Bar No. 24052995
    **The Hodge Law Firm, PLLC**
    Old Galveston Square Building
    2211 Strand, Suite 302
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300
    Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS

Filed: 8/27/2017 3:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 19101549
By: Valerie Millican
9/1/2017 1:56 PM

CAUSE NO. 17-CV-1070

| | | |
|---|---|---|
| JOHN LE AND KAREN LE, | § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § | |
| | § | Galveston County - 405th District Court |
| | § | |
| **v.** | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| **Defendant** | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN LE and KAREN LE (hereinafter collectively referred to as "John and Karen Lee" or "Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of ALLSTAE INDEMNITY COMPANY ("Allstate" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.   Plaintiff John Le is an individual residing in Texas.

3.   Plaintiff Karen Le is an individual residing in Texas.

4.   Defendant Allstate Indemnity Company is a **foreign** insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  Upon information and belief, the principle office for Allstate Indemnity Company is located at 3075 Sanders Road, Suite 1Ha, Northbrook, IL 60062-7127. The Defendant

Status Conference set for 11-30-17, e-mailed atty by vym

may be served with process by serving its registered agent, **Corporation Service Company, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiffs reserve the right to amend the petition during or after the discovery process.

6.  The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

7.  Venue is proper in Dallas County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

8.  Plaintiffs are the owner of Texas insurance policy **000838046429** (hereinafter the "Policy"), which was issued by Defendant.

9.  Plaintiffs own the insured property, which are specifically located at **8416 Seawall #6, Galveston, Texas 77554** (hereinafter the "Property").

10. Defendant sold the Policy to Plaintiffs insuring the Property.

11. On or about **July 7, 2016**, water caused severe structural and interior damage to the insured Property.

12.   Plaintiffs submitted a claim to Defendant against the Policy for damages which the Property sustained as a result of the hail and windstorm.  Upon information and belief, Defendant assigned number **0421161992** for the claim.

13.   Plaintiffs asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

14.   Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Property, Plaintiffs' claim was improperly adjusted.   The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

15.   As detailed in the paragraphs below, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16.   To date, Defendant continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to the Property.

17.   Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

18. Defendant misrepresented to Plaintiffs that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant failed to explain to the Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.    Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29. Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

30. The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

31. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

32. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

33.    The Defendant's breach proximately caused Plaintiffs' injuries and damages.

34.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.    Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.    Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.    Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of

rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

43.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

44.     Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

46.   Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.   The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

48.   Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

49.   Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

50.   Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

51.   Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

52.   The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)   Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)   Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)   Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)   Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)   Violated the provisions of the Texas Insurance Code described herein.

53.   The Defendant took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs' detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiffs suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## DAMAGES

54.   Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

55.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

56.   The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

57.   For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

58.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times actual damages. TEX. INS. CODE §541.152.

59.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

60.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

61.    For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

62.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.    Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63.    Plaintiffs are not making any claims for relief under federal law.

<div align="center">

**JURY DEMAND**

</div>

64.    Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' Original Petition.*

<div align="center">

**REQUEST FOR DISCLOSURE**

</div>

65.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

<div align="center">

**PRAYER**

</div>

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully Submitted,


By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS

1 citation clerk to serve by c/mail - assigned to R. Kain

Filed: 8/27/2017 3:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 19101549
By: Valerie Millican
9/1/2017 1:56 PM

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 17-CV-1070     **CURRENT COURT:** <u>Galveston County - 405th District Court</u>

**Plaintiffs' Original Petition**

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:**    **August 28, 2017**

                                       Month/     Day/     Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. **NAME:**    **Allstate Indemnity Company**

    **ADDRESS:** **c/o Corporation Service Company, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**

    AGENT, *(if applicable):* _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** *(check one)*:
       ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
       ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____
       ☐ **MAIL**                 ☒ **CERTIFIED MAIL**
       ☐ **PUBLICATION:**
           Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
       ☐ **OTHER**, *explain* _____

*******************************************************************************************

****

2. **NAME:** _____

    **ADDRESS:** _____

    AGENT, *(if applicable):* _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

    **SERVICE BY** *(check one)*:
       ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
       ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____
       ☐ **MAIL**                 ☐ **CERTIFIED MAIL**
       ☐ **PUBLICATION:**
           Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
       ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:    **Shaun W. Hodge**        TEXAS BAR NO./ID NO.    24052995

MAILING ADDRESS:    **Hodge Law Firm, PLLC, 2211 Strand, Suite 302, Galveston, Texas 77550**

PHONE NUMBER:    **(409)**      **762-5000**       FAX NUMBER:    **(409)**     **763-2300**
                     area code      phone number                  area code    fax number

EMAIL ADDRESS:    **shodge@hodgefirm.com**

CIVC102 Revised 9/2/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                         (specify)

    MOTION TO: _____
                          (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/2/99

## The District Courts of Galveston County, Texas Status Conference Notice

### Please calendar this event

All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409-766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 11/30/2017  set in the 405th District Court

| Case Number: | 17-CV-1070 |
|---|---|

Case Style: John Le Et Al vs. Allstate Indemnity Company

*Helpful Information: Please visit our website at* http://www.galvestoncountytx.gov/dc

FAQ

Forms

Fee Schedules

Remote Access to on-line case record searches

Contact and Mailing information

Passport Services

E Filing Information

E Juror- online juror registration

Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.

*JOHN D. KINARD, District Clerk, Galveston County, Texas*
*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

**Date: June 1, 2017**

## Announcement Regarding the Availability of Electronic Service Issuance

Starting **July 1, 2017**, the District Clerk will no longer assess fees for "service copies" at $.25 per page for any customer requesting a civil citation if the citation is returned to the customer via e-mail. This is more commonly referred to as "Electronic Service". Please indicate on the service request form (available on-line), the citation delivery method of e-mail. **All Citations not electronically issued are subject to all service copy fees.**

**What you can expect from the clerk:**

You will receive an official, digitally signed, and sealed citation with an attached status conference notice (when applicable) for service upon the defendant. This is referred to as an "Electronic Citation".  The file attachment is an adobe pdf file. The clerk will e-mail the electronic citation to the filing attorney's e-mail address on file. Please be sure to include the e-mail address on the signature page of the Petition.

**What actions are required upon receipt of electronic citation?**

You will provide your own copies of the petition for service. The copy of the petition must include the case number and the assigned court (file marked copies are not required). File marked copies of the petition may be available from your electronic service provider or on-line by visiting our website at: **http://www.galvestoncountytx.gov/dc/Pages/default.aspx**

 *Currently, file marked documents subject to sensitive data security are not remotely available on our website. Progress is being made on launching the Attorney Portal (available mid-summer 2017. This portal will provide to Attorneys of record, access to case records and documents subject to security settings. We hope you embrace this preferred service option and take advantage of the cost savings it provides.*

**All requested service types are available for electronic issuance and will be returned via e-mail delivery.**

**Millican, Valerie**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | 'shodge@hodgefirm.com' |
| **Sent:** | Friday, September 01, 2017 2:07 PM |
| **Subject:** | Relayed: 17CV1070 Status Conference |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

'shodge@hodgefirm.com' (shodge@hodgefirm.com)

Subject: 17CV1070 Status Conference

## CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 17-CV-1070
405th District Court of Galveston County

JOHN LE ET AL VS. ALLSTATE INDEMNITY COMPANY

TO: **Allstate Indemnity Company** c/o Corporation Service Company  1999 Bryan St Suite 900  Dallas TX 75201

Defendant Greetings:

NOTICE TO DEFENDANT:  **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 405th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **28th day of August, 2017**  in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition - OCA accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **1st day of September, 2017.**

| | | |
|---|---|---|
| Issued at the request of<br>Shaun W Hodge<br>The Hodge Law Firm PLLC<br>Old Galveston Square<br>2211 The Strand Suite 302<br>Galveston TX 77550 | | **John D. Kinard,** District Clerk<br>Galveston County, Texas<br><br>By:  *Rolande Kain*<br><br>Rolande Kain, Deputy |

**SEE ATTACHED FORM**    *NOTE: Status Conference set: 11/30/2017*

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the  **9/1/2017** at  ___**3:00** o'clock **P. M.** and executed on the _____ day of _____, 20____, at

_____ o'clock ___. M., by mailing the same to Allstate Indemnity Company, Defendant by **registered, certified mail with delivery Restricted to addressee only, return receipt requested**, a true copy of this citation with a copy of the petition were attached thereto.

**JOHN D. KINARD, District Clerk Galveston County, Texas**
Authorized Person

BY:  _____ , Deputy Clerk

| | |
|---|---|
| **Service Fee: $70.00** | |
| **Certified Tracking Mail**<br><br>**No.9414 7266 9904 2080 4526 06** | **Place sticker here** |
| **Signed for on** | **Signed By:** |

This form has been revised due to the data provided on the OCA Civil Case Information Sheet that is required to be filed with every new suit. The OCA Civil Case Information Sheet is available on our website.

## The District Courts of Galveston County, Texas Status Conference Notice

### Please calendar this event

All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409-766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 11/30/2017set in the 405th District Court

| Case Number: | 17-CV-1070 |
|---|---|

Case Style: John Le Et Al vs. Allstate Indemnity Company

*Helpful Information: Please visit our website at http://www.galvestoncountytx.gov/dc*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*E Juror- online juror registration*

Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.

*JOHN D. KINARD, District Clerk, Galveston County, Texas*

*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

# CITATION BY CERTIFIED MAIL (TRC 106)

## THE STATE OF TEXAS

Cause No: 17-CV-1070   **GALVESTON COUNTY, TEXAS**   12:53 PM

405th District Court of Galveston County          DEPUTY

JOHN LE ET AL VS. ALLSTATE INDEMNITY COMPANY

TO: Allstate Indemnity Company c/o Corporation Service Company  1999 Bryan St Suite 900 Dallas TX 75201

Defendant Greetings:

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 405th District Court of Galveston County, at the courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's Original Petition – OCA was filed in said court on the 28th day of August, 2017 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition – OCA accompany this citation and made a part hereof.

**Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the 1st day of September, 2017.**

Issued at the request of:
Shaun W Hodge
The Hodge Law Firm PLLC
Old Galveston Square
2211 The Strand Suite 302
Galveston TX 77550

**John D. Kinard**, District Clerk
Galveston County, Texas

By: Rolande Kain, Deputy

**SEE ATTACHED FORM**    *NOTE: Status Conference set: 11/30/2017*

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 9/1/2017 at 3:00 o'clock P. M. and executed on the 5th day of September 20 17 at _____ o'clock __. M., by mailing the same to Allstate Indemnity Company, Defendant by registered, certified mail with delivery Restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

JOHN D. KINARD, District Clerk Galveston County, Texas

Authorized Person

By: _____ Deputy Clerk

Service Fee: $70.00

Certified Mail
No.9414 7266 9904 2080 4526 06

Place sticker here    Certified Article Number

**SENDERS RECORD**

9414 7266 9904 2080 4526 06

Signed for on 09/05/17   Signed By: Chris Wells

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
SEP 07 2017

Citation by Certified Mail and Return
DECKER
147822
17-CV-1070

2. Article Number

9414 7266 9904 2080 4526 06

3. Service Type CERTIFIED MAIL®

4. Restricted Delivery? (Extra Fee) ☒ Yes

1. Article Addressed to:

Allstate Indemnity Company
c/o Corporation Service Company
1999 Bryan St Suite 900
Dallas, TX 75201

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)

B. Date of Delivery SEP 05 2017

C. Signature

X Chris Wells

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**Reference Information**

17-CV-1070

Rolande Kain

PS Form 3811, January 2005 Domestic Return Receipt

UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX 77551-9900

17 SEP -7 PM 12:53

GALVESTON COUNTY, TEXAS DISTRICT CLERK

Filed: 9/19/2017 10:39 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 19517677
By: Shailja Dixit
9/19/2017 10:44 AM

## NO.  17-CV-1070

| | | |
|---|---|---|
| **JOHN LE AND KAREN LE** | § | **IN THE DISTRICT COURT OF** |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| **ALLSTATE INDEMNITY COMPANY** | § | **405TH JUDICIAL DISTRICT** |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Indemnity Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

## III.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred.  For example, and without limitation, Plaintiffs failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by § 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

## IV.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy.

## V.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiffs or others.  Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy.

2

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

3

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Indemnity Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Indemnity Company, prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*John M. Causey*

John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas   77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

### ATTORNEYS FOR DEFENDANT

Please be advised that the *only* valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on September 19, 2017, correctly addressed to:

Shaun W. Hodge
Hodge Law Firm, PLLC
Old Galveston Square
2211 The Strand, Suite 302
Galveston, TX 77550

*John M. Causey*

_____

John M. Causey